IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MCI WORLDCOM COMMUNICATIONS, INC. f/k/a WORLDCOM TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TUCOWS, INC. f/k/a INFONAUTICS CORPORATION, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION NO. 02-CV-4402 <br> : <br> : <br> : <br> : <br> : |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT TUCOWS, INC.**

Defendant Tucows, Inc. ("Tucows"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby serves and files its Answer and Affirmative Defenses to Plaintiff's Complaint. In accordance with the numbered paragraphs of the Complaint, Tucows answers as follows:

1. Denied. Tucows is without knowledge or information sufficient as to the allegations contained in this paragraph, and therefore those allegations are denied.

2. Admitted in part, denied in part. It is admitted only that Tucows is a Pennsylvania corporation. Further answering, it is admitted only that the parent of Infonautics Corporation ("Infonautics") merged with a Tucows affiliate in August 2001, and the surviving company was renamed Tucows, Inc. Further answering, Tucows' principal place of business is located at 96 Mowat Avenue, Toronto, Ontario, Canada M6K 3M1.

3. Denied. The allegations in this paragraph are conclusions of law which require no further response and are denied.

4. Denied. The allegations in this paragraph are conclusions of law which require no further response and are denied.

5. Denied. The allegations in this paragraph are conclusions of law which require no further response and are denied. To the extent deemed factual, it is denied that Tucows resides in this judicial district.

## **COUNT I – BREACH OF CONTRACT**

6. Paragraphs 1 through 5 of this Answer and Affirmative Defenses are incorporated herein by reference as if set forth it length.

7. Admitted.

8. Admitted in part, denied in part. It is admitted only that, at times, WorldCom has provided telecommunications services to Tucows. The remaining allegations of this paragraph are denied.

9. Admitted in part, denied in part. It is admitted only that, at times, Tucows contracted with WorldCom for the provision of certain long-distance and other telecommunications services and agreed only to pay for those services it requested. The remaining allegations of this paragraph are denied.

10. Admitted in part, denied in part. It is admitted only that the document attached to the Complaint as Exhibit "A" purports to be a WorldCom Intelenet Service Agreement between Infonautics and WorldCom. Further answering, Exhibit "A" to the Complaint is a document which, being in writing, speaks for itself and any characterizations of the document inconsistent therewith are denied. Further answering, the remaining allegations in this paragraph are conclusions of law which require no further response and are denied.

11. Admitted in part, denied in part. It is admitted only that the parent of Infonautics merged with a Tucows affiliate in August 2001, and the surviving company was renamed Tucows, Inc. Further answering, the remaining allegations in this paragraph are conclusions of law which require no further response and are denied.

12. Denied. Tucows is without knowledge or information sufficient as to the allegations contained in this paragraph, and therefore those allegations are denied.

13. Admitted in part, denied in part. It is admitted only that WorldCom has invoiced Tucows. The remaining allegations in this paragraph are denied.

14. Denied.

15. Admitted in part, denied in part. It is admitted only that WorldCom sent a letter dated April 17, 2001 to Tucows. WorldCom has not attached the April 17, 2001 letter to its Complaint. The April 17, 2001 letter is a document which, being in writing, speaks for itself and any characterizations of the document inconsistent therewith are denied. Further answering, the remaining allegations in this paragraph are conclusions of law which require no further response and are denied. To the extent deemed factual, the remaining allegations in this paragraph are denied.

16. Admitted in part, denied in part. It is admitted only that Tucows sent a letter dated April 24, 2001 to WorldCom. WorldCom has not attached the April 24, 2001 letter to its Complaint. The April 24, 2001 letter is a document which, being in writing, speaks for itself and any characterizations of the document inconsistent therewith are denied.

17. Denied.

18. Admitted in part, denied in part. Upon information and belief, it is admitted only that Bigchalk.com has paid to WorldCom $86,225.75. The remaining allegations in this paragraph

are conclusions of law which require no further response and are denied. To the extent deemed factual, the remaining allegations in this paragraph are denied.

19. Admitted in part, denied in part. It is admitted only that WorldCom sent a letter dated November 30, 2001 to Tucows. WorldCom has not attached the November 30, 2001 letter to its Complaint. The November 30, 2001 letter is a document which, being in writing, speaks for itself and any characterizations of the document inconsistent therewith are denied. Further answering, the remaining allegations in this paragraph are conclusions of law which require no further response and are denied. To the extent deemed factual, the remaining allegations in this paragraph are denied.

20. Denied. The allegations in this paragraph regarding WorldCom's rates and whether they were "fair and reasonable" are conclusions of law which require no further response and are denied. Further answering, Exhibit "A" to the Complaint is a document which, being in writing, speaks for itself and any characterizations of the document inconsistent therewith are denied. Further answering, the remaining allegations in this paragraph are denied.

21. Denied. The allegations in this paragraph are conclusions of law which require no further response and are denied.

22. Denied. The allegations in this paragraph are conclusions of law which require no further response and are denied.

WHEREFORE, Defendant Tucows respectfully requests the Court to enter judgment in its favor and against Plaintiff WorldCom, together with costs, attorneys' fees, and such other relief as the Court may deem proper.

## COUNT II – BREACH OF TARIFFS

23. Paragraphs 1 through 22 of this Answer and Affirmative Defenses are incorporated herein by reference as if set forth it length.

24. Denied.  Tucows is without knowledge or information sufficient as to the allegations contained in this paragraph, and therefore those allegations are denied.

25. Denied. WorldCom has not attached the WorldCom Tariffs to its Complaint.  The WorldCom Tariffs are documents which, being in writing, speak for themselves and any characterizations of the documents inconsistent therewith are denied.

26. Denied.  The allegations in this paragraph are conclusions of law which require no further response and are denied.

27. Denied.  The allegations in this paragraph are conclusions of law which require no further response and are denied.

28. Denied.  The allegations in this paragraph are conclusions of law which require no further response and are denied.

WHEREFORE, Defendant Tucows respectfully requests the Court to enter judgment in its favor and against Plaintiff WorldCom, together with costs, attorneys' fees, and such other relief as the Court may deem proper.

## ALTERNATIVE COUNT III – QUANTUM MERUIT

29. Paragraphs 1 through 28 of this Answer and Affirmative Defenses are incorporated herein by reference as if set forth it length.

30. Denied.

31. Denied.

32. Denied.

WHEREFORE, Defendant Tucows respectfully requests the Court to enter judgment in its favor and against Plaintiff WorldCom, together with costs, attorneys' fees, and such other relief as the Court may deem proper.

## ALTERNATIVE COUNT IV – UNJUST ENRICHMENT

33. Paragraphs 1 through 32 of this Answer and Affirmative Defenses are incorporated herein by reference as if set forth it length.

34. Denied.

35. Denied.  The allegations in this paragraph are conclusions of law which require no further response and are denied.

36. Denied.  The allegations in this paragraph are conclusions of law which require no further response and are denied.

WHEREFORE, Defendant Tucows respectfully requests the Court to enter judgment in its favor and against Plaintiff WorldCom, together with costs, attorneys' fees, and such other relief as the Court may deem proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

WorldCom fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

WorldCom's claims are barred by the doctrine of accord and satisfaction.

### Third Affirmative Defense

WorldCom's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

WorldCom's claims are barred by the doctrine of failure of consideration.

**Fifth Affirmative Defense**

WorldCom's claims are barred because WorldCom had actual or constructive knowledge that it no longer was providing services to Tucows or Infonautics.

**Sixth Affirmative Defense**

WorldCom's claims are barred by the doctrine of waiver.

**Seventh Affirmative Defense**

WorldCom's claims are barred by the doctrine of unclean hands.

**Eighth Affirmative Defense**

To the extent that Tucows or Infonautics owed any contractual duties to WorldCom, any such contractual duties were properly discharged.

**Ninth Affirmative Defense**

Any actions of Tucows or Infonautics are not the direct and proximate cause of the damages claimed by WorldCom.

**Tenth Affirmative Defense**

WorldCom's claims are barred by the doctrine of laches.

**Eleventh Affirmative Defense**

WorldCom's claims are barred by the doctrine of payment.

## **RESERVATION AND NON-WAIVER**

Tucows reserves any additional and further defenses as may be revealed during discovery or upon receipt of additional information.

/s/
Troy S. Brown, Esquire
Pa. Attorney ID No. 78085
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5214

Attorneys for Defendant
Tucows, Inc.

Dated: September 30, 2002

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon plaintiff on September 30, 2002, by mailing, first-class, postage prepaid, a true and correct copy thereof to the following:

> Robert A. Griffiths, Esquire
> Klett Rooney Lieber & Schorling
> Two Logan Square, 12th Floor
> Philadelphia, PA  19103-2756

>  /s/
> Troy S. Brown